IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:24CR017 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| ZUBAIR MEHMET ABDUR RAZZAQ AL ZUBAIR, | ) MOTION TO ADVANCE FARETTA HEARING |
| MUZZAMMIL MUHAMMAD AL ZUBAIR | ) |
| | ) |
| Defendants. | ) |
| | ) |

Now comes the United States, by and through the undersigned counsel, and respectfully requests that this Court advance the scheduled hearing pursuant to *Faretta v. Caifornia*, 422 U.S. 806 (1975), concerning the Defendants' requests for self-representation at trial from August 26, 2025, to the week of July 7 or 14, 2025. Due to the complexity of this case and the need for the parties to adequately prepare for trial, the Government submits that the interests of justice are best served by conducting the Faretta inquiry in advance of the currently-scheduled date.

On January 23, 2024, the grand jury returned a 22 count indictment charging Zubair Mehmet Abdur Razzaq Al-Zubair ("Zubair") and Muzzammil Muhammad Al Zubair ("Muzzammil") with various offenses relating to a multi-year fraud and money laundering scheme. Following the defendants' arraignments, the Court appointed attorneys Carole Rendon and Ali Haque to represent Zubair, and Marisa Darden and Robert Kolansky to represent Muzzammil.

On February 20, 2025, the grand jury returned a superseding indictment against Zubair and Muzzammil, which included additional charges relating to tax fraud, bribery in federal programs and honest services fraud.

In February 2025, although already represented by counsel, both defendants submitted various *pro se* motions to the court seeking various relief including dismissal of the indictment pre-trial due to ineffective assistance of counsel. Included in these submissions[1] were transcripts of surreptitious recordings between Defendant Muzzammil and his then counsel, Ms. Darden and Mr. Kolansky.

On February 14, 2025, counsel for both defendants filed motions to be relieved citing breakdowns in the attorney-client relationship. (R. 50, 51).  On February 26, 2025, the Court granted former counsels' requests and ultimately assigned Attorneys James Jenkins and Michael Goldberg to represent Zubair, and James Kersey and Scott Friedman to represent Muzzammil.

At a pre-trial status conference held on March 12, 2025, both Defendants agreed to work with their assigned counsel and stated that they no longer sought to proceed *pro se*.  However, at the most recent status conference, held on June 24, 2025, both Defendants affirmatively asserted to the Court that they wished to proceed *pro se* in this matter. The Court began a *Faretta* inquiry but then continued the inquiry until August 26, 2025.

On June 26, 2025, Defendant Muzzammil sent a letter addressed to this Court, counsel and the government, on behalf of himself and Defendant Zubair in which they sought leave to right to file various motions while citing a "fundamental breakdown in communications and

---

[1] Defendants' submissions were not filed on the docket record with this Court as they were represented by counsel at the time of submission.  However, the Clerk's office does retain copies of these submissions.

2

strategic direction" with their appointed counsel.  (R. 85-1: Muzzammil June 26, 2025, Letter, PageID 318).

On July 2, 2025, Attorney Michael Goldberg, appointed counsel for Defendant Zubair, filed a motion to be relieved in this matter, citing Defendant Muzzammil's June 26, 2025, letter claiming a "fundamental breakdown" in the attorney/client relationship. (R. 85, PageID 314). Mr. Goldberg also noted that Defendant Zubair has a "clear desire […] to represent himself pro se." (Id., PageID 315).

Given the complexity and volume of evidence in this case, the clear manifestations by Defendants Zubair and Muzzammil that there has been a fundamental breakdown in their relationships with their second set of assigned counsel, and their unequivocal and repeated requests to proceed *pro se*, the Government respectfully requests that this Court advance the *Faretta* inquiry in this case to either the week of July 7, 2025 or July 14, 2025.

Advancing the inquiry will permit the parties, including co-defendant Michael Smedley and the government, to properly prepare for trial, including by appropriately reviewing the discovery and arranging for witnesses and trial logistics, without the possibility of a delay due to the substitution of counsel from appointed counsel to Defendants in late August. Doing so now will avoid potential delays in the filing of motions while allowing the parties to focus their attention on trial preparation. As Mr. Goldberg properly noted, he is in an untenable position wherein he must choose between preparing for a complex trial knowing he is unlikely to actually represent his client, thus resulting in a potential waste of resources for all parties involved, or ignoring his professional duties to his other clients. Moreover, given the apparent breakdown on "strategic direction" between Defendants and their attorneys, requiring either Defendant or their

3

current counsel to continue to pursue ostensibly disparate trial preparation strategies without resolving the *Faretta* inquiry is inefficient for all parties.

    Wherefore, the United States respectfully requests that this Court advance the *Faretta* inquiry from August 26, 2025, to the week of July 7 or 14, 2025.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney

By:   /s/ Om Kakani
       Om Kakani (NY: 4337705)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3756
       (216) 522-2403 (facsimile)
       Om.Kakani@usdoj.gov